## 22207.  SAPP *v.* THE STATE.

LUKE, J.  The defendant's conviction of assisting a prisoner to escape from the custody of an officer was amply authorized by the evidence.

In the motion for a new trial it is alleged that the court erred in refusing a motion for continuance based on the absence of a witness. The evidence on the motion to continue shows that the absent witness was a fugitive from justice, and that the case had previously been continued on account of his absence. The trial judge did not abuse his discretion in refusing a continuance.

The motion for a new trial was properly overruled.

*Judgment affirmed.  Broyles, C. J., and Jenkins, P. J., concur.*

DECIDED APRIL 30, 1932.

*Ernest J. Haar,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

## 22216.  DAVIS *v.* THE STATE.

BROYLES, C. J.  1. "A statement of an officer to one accused of crime, to the effect that it would be better for him to tell the truth about the case, does not necessarily, as a matter of law, render inadmissible as evidence a confession of guilt, made in the circumstances disclosed by the present record. With reference to confession evidence, what the law altogether abhors is the testimonial untrustworthiness of the confession. If the inducement is sufficient by possibility to elicit an untrue confession of guilt, then the confession is to be rejected; otherwise it is to be admitted under proper instructions from the court." *Wilson* v. *State,* 19 *Ga. App.* 759 (4) (92 S. E. 309).

2. Under the foregoing ruling and the facts of the instant case, the court did not err in admitting the testimony of an officer as to the alleged confession of the defendant; nor was it error, for any reason assigned, for the court to charge the jury upon the law of confessions.

3. The corpus delicti was established by the evidence, without the aid of the alleged confession; the verdict was authorized, and the refusal to grant a new trial was not error.

*Judgment affirmed.  Jenkins, P. J., and Luke, J., concur.*

DECIDED APRIL 30, 1932.

*W. I. Geer,* for plaintiff in error.